Daniel, Judge.
 

 — The Judge charged the jury, that the sale of the slave by the defendant’s testator to his son, William Jones, was good against himself and his representatives, but was fraudulent as to his creditors ; it having been made without a valuable consideration. The case states that, after the payment of all the debts of the donor, there were several slaves and other property, left in the hands of the defendant, his executor, belonging to the estate of the donor, Reuben Jones'. The conveyance of the slave by Reuben Jones to the plaintiff, being by
 
 deed of gift,
 
 is not necessarily an act fraudulent and void as to the creditors of the donor, if he had at the time of the gift, and left at his death other property sufficient to pay all his debts due and owing at the date of the deed of gift. The
 
 intent
 
 to hinder and delay creditors, might be repelled by such a fact. This case is not within the reasoning of the case of
 
 Peterson
 
 v.
 
 Williamson,
 
 2 Dev. Rep. 326 ; for that was a
 
 parol
 
 gift of a slave, and the donor continued in possession, and ultimately became insolvent. Nor is it within the principle decided in the case of
 
 O’Daniel
 
 v.
 
 Crawford,
 
 4 Dev. Rep. 197; for there the creditor would have been entirely hindered in getting his debt satisfied, if he could not have reached the fund covered by the voluntary conveyance. The Judge should have left this part of the case to the jury on the question of actual intent.
 

 The question of fraud in the defendant’s preventing com-petion at the sale, which seems mainly to have occupied the attention of the parties on the trial, was, as it seems to us, an immaterial one. For if the plaintiff’s deed of gift was not fraudulent and void, as to the creditors of the donor, he would have been entitled to recover against the defendant, although his, the defendant’s purchase, at the sale made by the officer, had been ever so fair; on the contrary, if the plaintiff’s deed had been fraudulent as to the creditors of the donor, he could not have recovered against the defendant, who had purchased under a judgment and execution at the instance of the creditor, although
 
 *355
 
 the defendant might have been guilty of fraud in preventing competition at the sale. Such conduct might have been injurious to the creditors of the estate, but could not have helped the plaintiff, if his title was void
 
 ah initio.
 
 But even here, if it had been material, the court erred, as it seems to us, in rejecting the defendant’s evidence. The plaintiff had examined the witness, Thomas, and others, to show by the defendant’s declarations and actings, that he had fraudulently prevented competition at the sale, with a view to purchase the slave himself at a low price. The defendant offered evidence to show that he had requested, and made efforts to get persons to bid, and had declared to these persons that the plaintiff’s title was not good.
 

 This evidence was rejected by the Court, and we think improperly, if the facts had been material to the issue; because they were facts accompanying the very subject then under examination, viz. whether the defendant had, by his conduct, fraudulently prevented competition at the sale. The affirmative proof would have lain on the plaintiff; and when the plaintiff offered evidence of the declarations of the defendant made before the sale to establish that fact, it seems to us, that the defendant was at liberty to repel the force of such declarations, by proof of other declarations cotemporaneously made, or made near the same time relative to the same subject-matter; in other words, the declarations became a part of the
 
 res gestee.
 
 The evidence was admissible; the force and effect of it to be left with the jury. The plaintiff obtained a verdict, notwithstanding the error of the Judge on the first point, yet as the opinion delivered may have prevented the defendant A j. relying upon, or have excluded from the case stated, other evidence that was given, we think it proper that the case should be retried.
 

 Per Curiam. Judgment reversed.